UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| CHRISTOPHER VEGA, | Civil Docket #: |
| Plaintiff *Pro Se*, | 15-CV3427 |
| -against- | |
| Defendant, | **AMENDED COMPLAINT** |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED | **JURY TRIAL** |

------------------------------------------------------------X

Dear *Pro Se* Office,

Enclosed herewith is a copy of:

    (X)    EMPLOYMENT RACE DISCRIMINATION AND RETALIATION: AMENDED COMPLAINT

    (X)    NOTICE OF RIGHT TO SUE: EQUAL EMPLOYMENT OPPORTUNITY COMMISSSION (EEOC)

    (X)    EXHIBITS A THROUGH S

Dated: May 18th, 2015

By: Christopher Vega

To:    *Pro Se* Office
       United States District Court
       Southern District of New York
       500 Pearl Street
       New York, NY 10013

By:   Christopher Vega
      562 Applewood Court
      Howell, NJ 07731
      t: 646.363.4386
      *Plaintiff, Pro Se*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

-------------------------------------------------------------X

CHRISTOPHER VEGA,

Plaintiff *Pro Se*,

    -against-

Defendant,

MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED

-------------------------------------------------------------X

RECEIVED
SDNY PRO SE OFFICE

2015 MAY 20  A 10: 30

Civil Docket #:

**AMENDED**

**COMPLAINT**

**JURY TRIAL**

Plaintiff, CHRISTOPHER VEGA, (hereinafter "VEGA"), representing himself *Pro Se*, files this Complaint against Defendant, MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED (hereinafter "LYNCH"),:

## INTRODUCTION

1. Plaintiff VEGA complains pursuant to 42 USC Section 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. Seq. ("Title VII"), to redress the injuries he has suffered as a result of being unlawfully discriminated against by the Defendants because of his race and being unlawfully retaliated against for engaging in protected activities. Accordingly, Plaintiff VEGA is seeking to recover lost wages, lost commission, bonuses and additional amounts as liquidated damages, emotional distress, punitive damages, reasonable fees and costs, as a result of being severely humiliated, mentally anguished, and emotionally and physically distressed by the Defendants discriminatory conduct on the basis of his race.

## JURISDICTION

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under 42 USC Section 1981 and Title VII of the Civil Rights Act of 1964. The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343, §1367 and supplemental jurisdiction thereto.

3. A Notice of Right to Sue was issued on April 8th, 2015 by Kevin J. Berry, District Director of the Equal Employment Opportunity Commission (EEOC), New York District Office at 33 Whitehall Street, 5th Floor New York, New York 10004, on charge number 520-2014-01000. (Ex. A: Right to Sue Letter)

4. The Southern District Court of New York is the proper venue for this lawsuit because the causes of action arose in Manhattan County.

## PARTIES

5. Plaintiff VEGA is a resident of the State of New York, County of New York.

6. At all times material, Defendant, MERRILL LYNCH PIERCE, FENNER & SMITH INCORPORATED (hereinafter "LYNCH") was and is a foreign business corporation duly existing pursuant to and by virtue of the laws of the State of New York.

7. That at all times relevant hereto, Defendant LYNCH owned and/or operated numerous branches internationally, including, but not limited to, the subject branch located at 2 World Financial Center, 40th Floor, New York, NY 10281 (hereinafter "the subject branch").

8. That at all times relevant hereto, Defendant LYNCH World Headquarters was and is located at 2 World Financial Center, 40th Floor, New York, NY 10281.

9. At all times relevant and material, Defendant LYNCH was and is a resident of the State of New York.

10. At all times relevant and material, PAUL SULLIVAN (hereinafter "SULLIVAN") is employed by Defendant LYNCH, as a Managing Director at the subject branch and held supervisory authority over Plaintiff VEGA.

11. SULLIVAN of Defendant LYNCH is White- Caucasian.

12. Plaintiff VEGA is Hispanic-American.

13. Plaintiff VEGA has been an employee of Defendant LYNCH for approximately twenty-five months in his capacity as a PMD Financial Advisor.

14. At all times relevant and material, Plaintiff VEGA earned and continues to earn approximately $49,998/yr. plus commission, bonuses and other performance incentives.

15. At all times material, Defendant MERRILL LYNCH PIERCE, FENNER & SMITH INCORPORATED and SULLIVAN are jointly referred to as "Defendants."

## STATEMENT OF MATERIAL FACTS

16. Defendant LYNCH Practice Management Development (PMD) Program (hereinafter the "program") is a forty-three month training and licensing program designed to support new PMD Financial Advisors in establishing and growing their practices.

17. PMD Financial Advisors in Defendant LYNCH program are assigned Level I or $49,998/yr. and Level II or $75,000/yr. PMD Financial Advisors receive additional bonuses and commissions based on performance.

18. On January 23rd 2013, Latoya REDDEN, Senior Talent Engagement Specialist, employed by Defendant LYNCH did solicit Plaintiff VEGA by email for the position of PMD Financial Advisor. (Ex. B: LYNCH Recruitment- Employment Solicitation)

19. On January 24th 2013 Latoya REDDEN of Defendant LYNCH did invite Plaintiff VEGA to a closed-door, invitation only event at 200 Park Avenue, 13th Floor, New York NY 10166. (Ex. C: LYNCH Recruitment- Employment Solicitation)).

20. On January 24th 2013 Lee CORTRIGHT, Vice President, Corporate Recruiter employed by Defendant LYNCH did solicit Plaintiff VEGA for a closed-door invitation only event at 200 Park Avenue, 13th Floor, New York NY 10166 (Ex. D: LYNCH Recruitment- Employment Solicitation).

21. On or around February 14th, 2013 Plaintiff VEGA interviewed for a position in the program with SULLIVAN of Defendant LYNCH at the subject branch.

       During the interview SULLIVAN of Defendant LYNCH offered Plaintiff VEGA a position as a program PMD Financial Advisor with base compensation of $49,998/yr. (Ex. E: LYNCH Official Offer Letter).

22. Prior to accepting the offer Plaintiff VEGA attempted to negotiate higher base compensation of $75,000/yr. with SULLIVAN of Defendant LYNCH. (Ex. F: Salary Negotiation).

23. Defendant LYNCH offers their new program PMD Financial Advisors either Level I compensation at $49,998/yr. or higher base compensation at Level II $75,000/yr.

24. Defendant LYNCH gives Level II base compensation of $75,000/yr. to professionals with more experience and Level I base compensation of $49,998/yr. to employees with less experience.

25. Plaintiff VEGA has resided throughout the New York Metropolitan area his entire life.

26. Plaintiff VEGA received his primary and secondary education in the New York Metropolitan Area, at private schools in affluent, upper-middle class communities.

27. Plaintiff VEGA earned a Bachelor of Science in Economics from Rutgers University in New Brunswick, New Jersey. Later, he obtained a Master of Business Administration- Certificate in Management and Finance at Rutgers Business School in Newark, New Jersey. (Ex. G: VEGA Professional Profile on LinkedIn).

28.  Plaintiff VEGA currently has ten years of professional experience including five years of experience in the financial services industry. (Ex. G: VEGA Professional Profile on LinkedIn).

29.  Prior to joining Defendant LYNCH, Plaintiff VEGA worked as a Financial Advisor at First Command Financial Planning, where he obtained the Series 6, 63 & 65 Securities and New Jersey Life and Health Insurance Licenses. Plaintiff VEGA, passed all licensing examinations on the first attempt. (Ex. G: VEGA Professional Profile on LinkedIn).

30.  After resigning from First Command Financial Services, Plaintiff VEGA continued his career in finance as a Relationship Banker at JP Morgan Chase in New York City, where he was employed for two years.

31.  While at JP Morgan Chase, Plaintiff VEGA received extensive, in-depth training on banking and investment products including Annuities, Bonds, Individual Retirement Account (IRA), KEOGH, Mortgage-Backed Securities, Mutual Funds, Simplified Employee Pension Plan (SEP), Stocks and other private and public financial instruments. Plaintiff VEGA received this training at 1 Chase Manhattan Plaza in New York City's Financial District.

32.  JP Morgan Chase also trained and certified Plaintiff VEGA on the complex rules and regulations that govern the financial services industry.

33.  Plaintiff VEGA was regarded as an exemplary employee at JP Morgan Chase. For instance, Plaintiff VEGA was one of the top Relationship Bankers within the district during the months of December 2011; January of 2012 and April of 2012, wherein Private Client and Licensed Bankers were included within

these rankings; Plaintiff VEGA's Product Value Credit (PVC) level totaled 1713 for the month of December of 2011; Plaintiff VEGA's PVC level totaled 1598 for the month of January of 2012; Plaintiff VEGA's PVC level totaled 1164 for the month of April of 2012; and Plaintiff VEGA demonstrated an exceptional attendance rate of 98.8% consisting of solely three unscheduled absences during his first year with JP Morgan Chase.

34. On or around December 31, 2011, information was released by JP Morgan Chase, indicating Plaintiff VEGA was ranked the top Personal Banker within the subject branch; that he ranked 9th within the district which consisted of Private Client and Licensed Bankers; and Plaintiff VEGA possessed a PVC total of 1713.

35. Prior to starting his career in finance, Plaintiff VEGA worked at firms in the payroll, office equipment and Voice-over-Internet (VOIP) industries including Automatic Data Processing (ADP), Konica Minolta Business Solutions (KMBS) and Vonage, respectively. While employed at these firms, Plaintiff VEGA responsibilities primarily included account management and business development. (Ex. G: VEGA Professional Profile on LinkedIn).

36. In addition to his educational and professional qualifications, Plaintiff VEGA is an Eagle Scout- Boy Scouts of America, Fraternity Brother at Zeta Psi, and has competed on Varsity Sports Teams his entire life.

37. As a result of his educational, extracurricular and professional activities Plaintiff VEGA has a strong, exceptionally deep network in the New York City

Metropolitan Area, where he has spent his entire life. (Ex. G: VEGA Professional Profile on LinkedIn).

38. While employed at First Command Financial Planning and JP Morgan Chase Plaintiff VEGA worked with hundreds of affluent clients in the New York City Metropolitan Area. Plaintiff VEGA built solid relationships with these individuals, by putting the client first, making appropriate recommendations while providing superb service.

39. As a result of Plaintiff VEGA exceptional background, on or around January 30th, 2013 Vice President Dawn VOLPICELLO of Defendant LYNCH recruited Plaintiff VEGA directly out of JP Morgan Chase, soliciting him at company events. (Ex. H: LYNCH Recruitment- Private Meeting).

40. Plaintiff VEGA clearly communicated his strong candidacy, to SULLIVAN and all employees of Defendant LYNCH and requested higher base compensation of $75,000/yr. at Level II because of his extensive experience, qualifications and affluent network. (Ex. F: Salary Negotiation).

41. On or after the morning of March 19th 2013 Plaintiff VEGA resigned from his position as a Relationship Banker at JP Morgan Chase Bank.

42. On or around the afternoon of March 19th 2013 Plaintiff VEGA contacted SULLIVAN of Defendant LYNCH and again attempted to negotiate higher base compensation because of his relevant professional experience, training, education and strong network.

43. Plaintiff VEGA qualifications far exceeded the PMD- Financial Advisor positions requirements. His background included a Bachelor of Science in